

# NUMBER 13-11-00328-CR

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**THE STATE OF TEXAS,**          **Appellant,**

**v.**

**CLINT SAENZ,**          **Appellee.**

---

**On appeal from the 28th District Court
of Nueces County, Texas.**

---

# ORDER OF ABATEMENT

### Before Chief Justice Valdez and Justices Garza and Vela[1]
### Order Per Curiam

This case is on remand from the Texas Court of Criminal Appeals. Appellant, the State of Texas, appealed the trial court's granting of a motion to suppress filed by appellee, Clint Saenz, who was indicted on one count of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2011). Saenz moved to suppress certain oral statements made to police, the trial court granted the motion, and we affirmed. *See State v. Saenz*, No. 13-11-00328-CR, 2012 WL 7783406, at *1–5 (Tex. App.—Corpus

---

[1] The Honorable Rose Vela, former Justice of this Court, was a member of the panel at the time this case was argued and originally submitted for decision, but did not participate in this order because her term of office expired on December 31, 2012. *See* TEX. R. APP. P. 41.1.

Christi Dec. 28, 2012) (mem. op., not designated for publication). The Texas Court of Criminal Appeals reversed, holding: (1) that we "erred in applying a deferential standard of review to the trial court's conclusion of law that appellee was in custody at the moment he made the challenged statements"; and (2) that, while our "ultimate legal conclusion" that Saenz was in custody at the time he made the challenged statements "may be . . . correct," we erred "in attempting to reach that legal conclusion in the absence of adequate fact-findings from the trial court." *State v. Saenz*, 411 S.W.3d 488, 498 & n.7 (Tex. Crim. App. 2013). The court of criminal appeals remanded the cause to this Court for abatement to the trial court for more complete findings of fact. *Id.* at 498.

Accordingly, we hereby ABATE the appeal and REMAND this cause to the trial court for entry of additional findings of fact as to the totality of the circumstances relevant to Saenz's motion to suppress. In particular, as noted by the court of criminal appeals, additional findings of fact are necessary as to the following issues: (1) whether Officer Bintliff told Saenz that he was not free to leave; and (2) how long Saenz was inside the police car before he made the challenged statements to Officer Sanders. The trial court shall make its findings, as ordered herein, within TEN days from the date of this order. Furthermore, the trial court shall cause a supplemental clerk's record and to be filed with the Clerk of this Court within FOURTEEN days from the date of this order.

IT IS SO ORDERED.

PER CURIAM

Do Not Publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed the
17th day of December, 2013.

2